THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PATRICK WILLIAMS, Defendant-Appellant.

First District (3rd Division)    No. 1—93—2202

Opinion filed December 13, 1995.—Rehearing denied February 9, 1996.

Michael J. Pelletier and Maria A. Harrigan, both of State Appellate Defender's Office, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, James Fitzgerald, and Steven H. Fine, Assistant State's Attorneys, of counsel), for the People.

JUSTICE TULLY delivered the opinion of the court:

Defendants, Patrick Williams and Darryl Parham, were indicted for three counts of first degree murder (Ill. Rev. Stat. 1991, ch. 38, pars. 9—1(a)(1) through (a)(3) (now 720 ILCS 5/9—1(a)(1) through (a)(3) (West 1994))) and armed robbery (Ill. Rev. Stat. 1991, ch. 38, par. 18—2(a) (now 720 ILCS 5/18—2(a) (West 1994))). Both defendants were tried simultaneously in severed jury trials. Following trial, Williams was found guilty of first degree murder. He was sentenced to 25 years' imprisonment for first degree murder. It is from the judgment of conviction that Williams appeals to this court pursuant to Supreme Court Rule 603 (134 Ill. 2d R. 603). Parham is not a party to this appeal.

For the reasons which follow, we affirm.

## FACTUAL BACKGROUND

The following facts were adduced at trial. On June 7, 1990, at ap-

proximately 5 a.m., Officers Arthur Hill and Sidney Dozier received a radio dispatch of drug dealing activity in the vicinity of 15205 S. Page Street, Harvey, Illinois. Hill testified that this particular area was notorious for drug trafficking. The police officers proceeded to the area. Upon arriving within four minutes, Hill observed three men walking northbound on the sidewalk in front of 15205 S. Page Street. The officers stopped the men and inquired what they were doing at 5 o'clock in the morning, to which defendants responded "nothing." The officers learned the identities of the three men: Patrick Williams, Darryl Parham and Dwayne Robinson. Hill recounted that no one else had been in the area. While defendants were questioned, a radio dispatch indicated that a black male in a red jacket had just committed a battery and the victim was located on the south side of a building at 15205 S. Page Street. Hill noticed that Parham was wearing a red jacket. Hill instructed Dozier to go find the victim, Maurice Meyers, while Hill detained defendants. Afterwards, Hill went to see Meyers while Dozier watched defendants. Meyers was found unconscious, bleeding from the mouth, with a swollen forehead. Hill called an ambulance. Subsequently, Hill arrested the three defendants.

At the hearing on defendants' motion to quash the arrest and suppress the evidence, the trial court denied the motion. The court held that Hill had articulable suspicion to stop and frisk defendants based on information of drug trafficking in the area. The court further held that the radio dispatch concerning a nearby battery, Parham's similarity to the offender's description, and the proximity to the crime all provided a basis for probable cause to arrest.

At trial, James Quarles, the only eyewitness, testified for the State. Quarles recounted that he was sleeping on his enclosed front porch at 15204 S. Page Street, directly across the street from the scene of the crime. Quarles woke up when two cars pulled up in front of his house at 5 a.m. He also observed Meyers standing in the gangway of the building across the street. Quarles stated that two men exited one of the cars and walked towards Meyers. He stated that the one with the red jacket, Parham, had a baseball bat. Parham approached Meyers and hit him across the head, knocking him down. Quarles observed Williams drag the body into the weeds while Parham placed the bat back into the car. Quarles testified that Parham and Williams then slapped each other a high five. Immediately, Quarles called the police. When the police arrived, Quarles testified that another man, Robinson, had joined them later. Quarles saw the police arrest all three defendants. On the next day, Quarles was taken to the police station to view a lineup, where he positively identified both Parham and Williams.

Detective John Lewellyn testified that on June 7, 1990, he was assigned to investigate the death of Meyers at 15205 S. Page Street. Lewellyn testified that he had spoken to Quarles and later to defendants. Lewellyn further stated that he escorted Quarles to the police station to view a lineup, where Quarles positively identified Parham and Williams. Next, Dr. Nancy Jones testified that she was an assistant Cook County medical examiner. After examining Meyers, Dr. Jones concluded that he had died from head injuries consistent with someone being struck in the head with a baseball bat, falling back, and hitting his head on the ground.

## ISSUES PRESENTED

The following issues are on appeal. First, Williams contends that the court erred when it denied the motion to quash arrest and suppress the evidence. Second, Williams argues that he was not proven guilty of murder by accountability beyond a reasonable doubt. Third, Williams claims that the prosecutor made improper comments and arguments which misstated the evidence and the law.

## OPINION

■ Defendant's first contention is that the trial court erred in denying his motion to quash the arrest and suppress the resulting statement and lineup evidence. He argues that there was no probable cause to arrest him. Williams reasons that he could not be arrested simply because he was walking beside the suspect who matched the description given to the police. Williams, therefore, requests that the conviction be reversed and the cause remanded for a new trial, excluding the fruits of the unlawful arrest.

We need not consider the merits of this argument because Williams failed to preserve this issue for review by failing to allege the error in his post-trial motion (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124), and the plain error doctrine (134 Ill. 2d R. 615(a)) is inapplicable to this case. See, *e.g., People v. Carlson* (1980), 79 Ill. 2d 564; *People v. Edwards* (1991), 144 Ill. 2d 108, 579 N.E.2d 336.

■ Next, Williams would have us sustain the argument that he was not proven guilty of murder by accountability beyond a reasonable doubt. He contends that his conviction was based only on the uncertain identification of one eyewitness and that this evidence is insufficient.

The relevant inquiry upon review is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis omitted.) (*Jackson v. Virginia*

(1979), 443 U.S. 307, 319, 61 L. Ed. 2d 560, 573, 99 S. Ct. 2781, 2789; *People v. Campbell* (1992), 146 Ill. 2d 363, 374, 586 N.E.2d 1261; *People v. Nitz* (1991), 143 Ill. 2d 82, 572 N.E.2d 895.) In making determinations of the credibility of witnesses, the weight to be given to their testimony and the reasonable inferences to be drawn from the evidence are responsibilities of the trier of fact. (*People v. Byron* (1995), 164 Ill. 2d 279, 299, 647 N.E.2d 946; *People v. Steidl* (1991), 142 Ill. 2d 204, 568 N.E.2d 837.) A criminal conviction will not be set aside on review unless the evidence is so improbable or unsatisfactory that there remains a reasonable doubt of the defendant's guilt. *People v. Byron*, 164 Ill. 2d at 299.

Applying the foregoing principles to the case at bar, we believe that defendant's contention must fail. Even though Quarles may have been the only eyewitness who saw the crime, our review of the record reveals that a rational trier of fact could have found the witness' testimony sufficient to prove defendant's guilt beyond a reasonable doubt. First, Quarles had testified that he had observed Williams drag the body into the weeds. Next, Quarles' testimony included an in-court identification as well as a positive identification of Williams in a police lineup. In addition, Quarles had been situated directly across the street from the scene of the crime and had testified to the fact that no one else was around the area at 5 a.m., other than defendants. Thus, we shall not reverse a conviction merely because Williams argues that the witness was not credible or that the testimony was insufficient. That determination is the province of the jury, and we shall not invade it. Accordingly, we find that Williams was proven guilty beyond a reasonable doubt.

■ Still to be considered is Williams' third contention that the prosecutor's comments were prejudicial and improper. He argues that the prosecutor misstated the evidence by improperly implying that the witness was scared of the defendant. He further contends that the prosecutor misstated the law when he commented during closing arguments that defendant's mere presence at the scene of the crime constituted his guilt under the theory of accountability.

Our Illinois Supreme Court held that both a trial objection and a written post-trial motion raising the issue are required to preserve that issue for review. (*People v. Enoch* (1988), 122 Ill. 2d 176, 186, 522 N.E.2d 1124.) Additionally, allegations of improper closing arguments by a prosecutor are waived for purposes of appeal if the remarks are not specifically identified in a motion for a new trial. (*People v. Buchanan* (1991), 211 Ill. App. 3d 305, 570 N.E.2d 344.) In the case *sub judice*, defendant did not object to the comments the trial judge made to the jury during the trial. Furthermore, he did not

preserve this objection in a written post-trial motion. Thus, this issue is waived and will not be addressed further.

In light of the foregoing, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI and CERDA, JJ., concur.